IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RUBEN JAMES BUCHANAN,<br><br>　　　　　　Defendant. | **8:14CR3**<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on the defendant's motion to prohibit the guardian ad litem ("GAL") to D.L., the minor complaining witness in this case, from filing pretrial motions, Filing No. 71.  By order dated July 1, 2014, this court overruled the defendant's objection to the GAL's filing of a brief on the Fed. R. Evid. 412 issue, granted the GAL leave to file the brief, and took under advisement the issue of whether the GAL is granted leave to file arguments and/or authorities in support of or in response to additional filings by the prosecution or defense in this action.  Filing No. 69.  The court has considered the parties' and the GAL's positions and finds the defendant's motion to prohibit filings should be denied.

　　　　The GAL has an obligation to safeguard D.L.'s best interests in this litigation. See United States v. Rouse, 410 F.3d 1005, 1010 (8th Cir. 2005); 18 U.S.C. § 3509(h)(1).  The government has filed a motion in limine regarding evidence of sexual behavior and the GAL also seeks an order in limine barring that evidence.  See Filing No. 51, GAL Motion in Limine; Filing No. 53, Government Motion in Limine; and Filing No. 74, GAL Brief.

Whether the GAL's filings are characterized as stand-alone motions or as adjuncts or supplements to the government's motions is of no consequence. The court finds the GAL's input should be considered. Under Rule 412, a party offering evidence under Rule 412(b) must notify the victim or her guardian of the contemplated use of the evidence, which seems to imply a right to respond. Fed. R. Evid. 412(c)(1)(D). Under the Military Rules of Evidence counterpart to Fed. R. Evid. 412, an alleged victim, as a nonparty to a court martial, has standing to be heard through counsel on legal issues. See *LRM v. Kastenberg*, 72 M.J. 364, 358 (C.A.A.F. 2013); M.R.E. 412(c). Limited participant standing is allowed in many contexts. *See, e.g., Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (standing created by First Amendment right); *Church of Scientology v. United States*, 506 U.S. 9, 11, 17 (1992) (standing created by attorney-client privilege); *United States v. Hubbard*, 650 F.2d 293, 311 n. 67 (D.C. Cir. 1980) ("[f]ederal courts have frequently permitted third parties to assert their interests in preventing disclosure of material sought in criminal proceedings or in preventing further access to materials already so disclosed.")

In any event, the GAL's submissions are more in the nature of amicus briefs. The extent and manner of an amicus curiae's participation is entirely within the court's discretion. See *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544 (7th Cir. 2003). Amicus filings may "assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs" and the "criterion is more likely to be satisfied in a case in which a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a

3

unique perspective or specific information that can assist the court beyond what the parties can provide." *Id.* at 545. The court finds the GAL can contribute expertise and arguments that may assist the court in its determination. Further, the defendant has not shown he will be prejudiced by the court's consideration of additional authority or argument. Accordingly,

IT IS ORDERED that the defendant's motion to prohibit the GAL from filing pretrial motions (Filing No. 71) is overruled.

Dated this 23rd day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge